39 F.3d 1197
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marvin R. LEONARD, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3375.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1994.
 
 Before ARCHER, Chief Judge, MICHEL and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Marvin Leonard, appeals from the decision of the Administrative Judge ("AJ"), No. DC-3443-94-0055-I-1 of February 1, 1994, which became the final decision of the Merit Systems Protection Board ("Board") when the full Board denied review on May 17, 1994. The AJ held that the Board lacked jurisdiction over Mr. Leonard's claim. We affirm.
 
 DISCUSSION
 
 2
 Mr. Leonard was an employee of the District of Columbia who voluntarily took disability retirement in 1978. On October 23, 1993, he appealed to the Board, claiming that the District of Columbia wrongfully failed to return him to duty as a corrections officer with the Department of Corrections.
 
 
 3
 For a limited period of time, the Board had jurisdiction over personnel actions appealed by employees of the District of Columbia. The Board and the District of Columbia entered into an agreement on January 1, 1980, when the District's merit system was to be put into effect. The agreement was subsequently extended on October 1, 1980. It provided that the Board would provide appellate review over actions "pending" upon expiration of the agreements. Subsequently, "the Board and the District determined that 'pending' shall be interpreted to mean that the [Board] will retain jurisdiction over any appeal filed under the respective agreements, where the employee received notice of the proposed action before November 1, 1980." Johnson v. District of Columbia, 7 M.S.P.R. 563, 564-65 (1981); see Diefenbach v. District of Columbia, 12 M.S.P.R. 528, 530 (1982).
 
 
 4
 Petitioner must, therefore, show that he received notice of the District's refusal to return him to duty before November 1, 1980. The AJ found that Mr. Leonard failed to present any evidence to such effect and, therefore, dismissed petitioner's claim for lack of jurisdiction. On appeal, petitioner argues that in March of 1980, (1) he had recovered from his disability, as evidenced by doctors' reports, and that (2) the District's failure to respond to the doctors' reports (3) indicated the District's refusal to return him to duty.
 
 
 5
 Petitioner's argument fails on each level. The AJ found that petitioner failed to show that he had recovered from his disability at any time since his disability retirement. On appeal, Mr. Leonard points to no evidence in the record to challenge the AJ's findings. Furthermore, there is no evidence in the record that the District was made aware of the doctors' reports or that Mr. Leonard requested reinstatement before November 1, 1980. Lastly, even assuming that Mr. Leonard had recovered and made the District aware of it, he has presented no evidence that the District notified him before November 1, 1980 of its refusal to reinstate him. Moreover, the District's failure to respond does not constitute a "proposed action" which would give rise to jurisdiction. See Garcia v. Office of Personnel Management, 31 M.S.P.R. 160, 161 (1986). The Board may have jurisdiction where an agency failed to respond to repeated requests for a decision, thus effectively preventing an employee from pursuing the matter. Id. However, Mr. Leonard has presented no evidence of repeated requests.
 
 
 6
 We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Petitioner has failed to carry his burden of showing that the Board's decision meets any of these alternative criteria.
 
 
 7
 We have considered petitioner's other arguments and find them to be without merit.